JERSEY CITY LAND AND IMPROVEMENT COMPANY, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENT.

Argued June 2, 1920—Decided July 8, 1920.

An ordinance of Jersey City provided that in certain rented proper-
ties every room should be heated to a minimum temperature of
sixty-eight degrees between the hours of six A. M. and ten P. M.
whenever the outer or street temperature would fall below fifty
degrees. There was proof that upon certain occasions the prose-
cutor's premises were heated to a lower temperature than sixty-
eight degrees, but no proof that the outer temperature had fallen
below fifty degrees at such times. *Held*, that the proof is re-
quired to be strict in penal cases of this character, and for this
failure of proof the conviction must be set aside.

On *certiorari*.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Merritt Lane.*

For the city, *John Bentley* (*John Milton* on the brief).

The opinion of the court was delivered by

SWAYZE, J. This writ brings up a conviction for violation
of a city ordinance with reference to the heating of buildings
rented for residential or business purposes where people are
employed. The essential provision is that which requires that
every occupied room shall be heated "so that a minimum tem-
perature of sixty-eight degrees Fahrenheit may be maintained
therein at all such times." The words "at all such times"
are defined by the ordinance "to include the time between the
hours of six A. M. and ten P. M. in a building or portion
thereof occupied as a home or place of residence and during
the usual working hours established and maintained in a
building or portion thereof occupied as a business establish-
ment, of each day, whenever the outer or street temperature

shall fall below fifty degrees Fahrenheit." The proof fails to show that there was a failure to provide for the minimum temperature required at any time when the outer or street temperature fell below fifty degrees. · There was proof that at the time the examination was made on behalf of the city the rooms were heated to a temperature less than sixty-eight degrees, but there was no proof that at that time the outer or street temperature was below fifty degrees. Necessarily, the proof is required to be strict in penal cases of this character, and for this failure of proof the conviction must be set aside. It will be time enough to pass upon the reasonableness of the ordinance when that question is necessarily before us.